FILED
NOV 19 2018
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY LEE SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:18-cv-02056 (UNA) |
| H. HURWITZ, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, a federal inmate appearing *pro se*, has filed a complaint ("Compl.") [ECF No. 1] and an application to proceed *in forma pauperis* ("IFP") [ECF No. 2]. The Court will grant plaintiff's IFP application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff sues the acting director and several prior directors of the Bureau of Prisons. Compl. at caption, 3–4. Plaintiff alleges violations of the False Claims Act ("FCA"). *Id.* at caption, 1–3, 9. He asserts that he is a whistleblower, "authorized to bring this action in the name of the Government," and that he is filing a *qui tam* action pursuant to 31 U.S.C. § 3727, *et seq. Id.* at 1, 3.

The FCA, 31 U.S.C. §§ 3729-3732, "is an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003). The FCA authorizes a private individual, as a relator, "to bring [a *qui tam*] action in the Government's name, and to recover a portion of the proceeds of the action, subject to the requirements of the statute." *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1206 (D.C. Cir. 2011) (citations omitted); 31 U.S.C. § 3730.

While in federal courts such as this one, a plaintiff "may plead and conduct their own cases personally or by counsel[,]" 28 U.S.C. § 1654, the United States is "the real party in interest," *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015), and a "*pro se* plaintiff may not file a *qui tam* action[,]" *Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curiam). *See also Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government.") (citing cases); *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732 (7th Cir. 2006) ("[A] *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants."). Indeed, it is well established that "*pro se* parties may not pursue [*qui tam*] actions on behalf of the United States." *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015) (quoting *U.S. ex rel. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 196–97 (D.D.C. 2005)); *see Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2015) (noting that "courts in this jurisdiction consistently have held that *pro se* plaintiffs . . . are not adequately able to represent the interests of the United States") (citing cases).

Therefore, plaintiff has neither a constitutional nor a statutory right to pursue the claims of the United States without counsel. Accordingly, this case is dismissed. Furthermore, plaintiff's motion for service by United States Marshals Service [ECF No. 4] is denied as moot. A separate order accompanies this memorandum opinion.

Date: November 16, 2018

United States District Judge